IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SECURED MOBILITY LLC, D/B/A KEYLESSRIDE, <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED DIAGNOSTICS USA CORP., <br><br> Defendant. | Civil Action No. A09CA 842 SS <br><br> **Jury Trial Demanded** <br><br> **COMPLAINT** |

## COMPLAINT

Plaintiff Secured Mobility LLC, d/b/a KeylessRide ("KeylessRide"), for its Complaint against Advanced Diagnostics USA Corp. ("Defendant") alleges as follows:

### I. THE PARTIES

1.   KeylessRide is a company organized and existing under the laws of the state of Texas. KeylessRide's principal place of business is 920 Rockmoor Drive, Georgetown, Texas 78628.

2.   On information and belief, Defendant is a corporation organized and existing under the laws of the state of California, and has a principal place of business at 1435 Huntington Ave., Suite C, South San Francisco, California 94080. Defendant may be served with process by serving its registered agent, Gregory Rutchik, The Arts and Technology Law Group, 9320 Wilshire Blvd., Suite 306, Beverly Hills, California 90212.

## II. JURISDICTION AND VENUE

3. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. et seq., and Federal Rule of Civil Procedure 57. An actual, substantial, and continuing justiciable controversy exists between KeylessRide and Defendant that requires a declaration of rights by this Court.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## III. FACTUAL BACKGROUND

6. On January 1, 2008, U.S. Patent No. 7,315,238 entitled "Method and System for Providing Key Programming Tokens to a Multiple Vehicle Programming Device" ("the '238 patent") issued. A true and correct copy of the '238 patent is attached hereto as **Exhibit A**. The face of the '238 patent states that Defendant is the assignee of the patent.

7. On or about November 2, 2009, Mr. David Leason, counsel for Defendant, sent a letter to KeylessRide alleging that KeylessRide is currently infringing the '238 patent by selling certain products. A true and correct copy of the November 2, 2009, letter is attached hereto as **Exhibit B**. The letter states that Defendant will file suit against KeylessRide for patent infringement in the Southern District of New York if KeylessRide does not contact Mr. Leason by November 23, 2009, to discuss Defendant's alleged patent rights, including potential licensing options.

8. Neither KeylessRide nor its customers or suppliers directly infringe or induce or contribute to the infringement of, any valid claim of the '238 patent. Moreover, the '238 patent

is invalid because it fails to comply with the conditions and requirements for patentability set forth in 35 U.S.C. et seq. Accordingly, an actual and justiciable controversy exists between KeylessRide and Defendant as to the noninfringement and invalidity of the '238 patent.

## FIRST COUNT

## DECLARATORY JUDGMENT – NONINFRINGEMENT OF THE '238 PATENT

9. KeylessRide incorporates by reference the allegations in paragraphs 1 through 8 of this Complaint.

10. Defendant has alleged that KeylessRide infringes the '238 patent. KeylessRide denies Defendant's allegations with respect to infringement by KeylessRide or its customers or suppliers. Neither KeylessRide nor its customers or suppliers directly infringe or induce or contribute to the infringement of any valid claim of the '238 patent.

11. Accordingly, there exists an actual and justiciable controversy between KeylessRide and Defendant as to the noninfringement of the '238 patent.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, KeylessRide requests a declaration that it does not infringe, and has not infringed (directly or indirectly, literally, or under the doctrine of equivalents), any valid and enforceable claim of the '238 patent.

## SECOND COUNT

## DECLARATORY JUDGMENT – INVALIDITY OF THE '238 PATENT

13. KeylessRide incorporates by reference the allegations in paragraphs 1 through 12 of this Complaint.

14. Defendant has alleged that KeylessRide infringes the '238 patent.

15. KeylessRide alleges that the claims of the '238 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

16. Accordingly, there exists an actual justiciable controversy between KeylessRide and Defendant as to the validity of the claims of the '238 patent.

17. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, KeylessRide requests a declaration that the claims of the '238 patent are invalid for failure to meet one or more requirements of 35 U.S.C. §§ 101, 102, 103, or 112.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. A judgment declaring that KeylessRide has not infringed and does not infringe in any manner any valid claim of the '238 patent;

2. A judgment declaring that each claim of the '238 patent is invalid;

3. For any such other and further relief, in law or in equity, as this Court deems just.

## JURY TRIAL DEMANDED

KeylessRide demands a trial by jury as to all issues and causes of action so triable herein, pursuant to Federal Rule of Civil Procedure 38.

Dated:  November 19, 2009

Respectfully submitted,

By: _____
J. SCOTT DENKO
State Bar No. 00792457
denko@civinsdenko.com
CONOR CIVINS
State Bar No. 24040693
civins@civinsdenko.com
STEVEN LAUFF
State Bar No. 24013011
lauff@civinsdenko.com
BRADLEY COBURN
State Bar No. 24036377
coburn@civnisdenko.com
CIVINS DENKO COBURN & LAUFF LLP
816 Congress Avenue, Suite 1205
Austin, TX  78701
(512) 906-2074 (Telephone)
(512) 906-2075 (Facsimile)